```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                       AT NASHVILLE
```

RANDALL S. McCAUL,              )
                                )
        Plaintiff               )
                                )  No. 3:17-cv-1315
v.                              )  Judge Richardson/Brown
                                )
UNITED STATES OF AMERICA,       )
                                )
        Defendants              )

To:  The Honorable Eli J. Richardson,
     United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the Defendant's Motion to Dismiss (Docket Entry 8) be **GRANTED** and that this action be **DISMISSED** for failure to exhaust administrative remedies under the Federal Tort Claim Act (FTCA), and that the adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action. The Magistrate Judge further **RECOMMENDS** that any appeal from this dismissal not be certified as taken in good faith pursuant to 28 U.S.C. 1915(a)(3).

## BACKGROUND

The Plaintiff filed his complaint in this matter (Docket Entry 1) on September 28, 2017. The Complaint was reviewed by the District Court and the Plaintiff was allowed to proceed *in forma pauperis* (Docket Entry 3). Subsequently, the United States filed a motion to be substituted for the named defendants after certifying that those defendants were acting in the course of their official duties (Docket Entry 11).

The Complaint alleges that on October 13, 2016, the Plaintiff was at the Alvin C. York Veterans Facility in Murfreesboro, Tennessee, receiving treatment for chronic medical and mental health conditions. The Plaintiff alleges that on October 13, 2016, he was driven to the VA facility by a volunteer driver with the Disabled American Veterans Association. Apparently, the Plaintiff was arrested by the two named defendants for being in possession of a 2 3/4 inch pocket knife and allegedly threatening the defendants with the knife. The Plaintiff was turned over to state authorities and subsequently plead guilty to a simple assault after serving approximately nine months in jail. The Plaintiff further alleges that during the course of events that morning and subsequently two concert grade acoustic guitars were lost or stolen.

In their memorandum in support of the motion to dismiss (Docket Entry 9), the United States filed a copy of the criminal court judgment from Rutherford County, Tennessee, concerning the Plaintiff (Docket Entry 9-1). The Plaintiff was sentenced to 271 days jail time and given credit for 271 days that he had served.

The Plaintiff was warned in this Court's original order allowing the case to proceed (Docket Entry 3) that his action could be dismissed for failure to prosecute if he failed to keep the Clerk's Office informed of his current address at all times. Additionally, after the United States filed their motion to dismiss, the Magistrate Judge entered an order (Docket Entry 11) directing the Plaintiff to respond to the motion to dismiss within 28 days and warned him that failure to respond could result in a recommendation

that the motion be granted and his case be dismissed. It appears that the copy of Docket Entry 11 mailed to the Plaintiff by the Clerk's Office was returned by the post office as undeliverable (Docket Entry 13).

**LEGAL DISCUSSION**

The Plaintiff has apparently failed to keep a current address on file with the Court and has failed to respond to the pending motion to dismiss despite being warned of the consequences of both of those actions. Nevertheless, the Magistrate Judge has reviewed the motion to dismiss to be sure that it has a legal basis before recommending dismissal. As an initial matter, the United States is correct in that the Plaintiff's complaints that he was wrongfully arrested for aggravated assault must fail since he has plead guilty to that charge. The guilty plea would bar any claims by the Plaintiff of a Fourth Amendment unlawful arrest or malicious prosecution. *Richard v. City of Detroit*, 2017 Westlaw 1954404 (Eastern District of Michigan 2017)

The United States is also correct that to the extent the Plaintiff has claims for loss of property, his claims are barred unless he can show that he has exhausted his administrative remedies by filing a claim under the Federal Tort Claim Act (FTCA). *Executive Jet Aviation Inc. v. United States,* 507 F.2d 508 (6th Cir. 1974). The Plaintiff's complaint makes no allegations about exhaustion of his administrative remedies. The United States has now raised that defense in the motion to dismiss and the Plaintiff has totally

3

failed to respond to that motion by bringing forth some proof that he has filed an administrative claim with the Veterans Administration.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the claims against the United States for wrongful arrest and wrongful prosecution be **DISMISSED** with prejudice, that the claims for lost or converted property be **DISMISSED** without prejudice[1], and that adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action. The Magistrate Judge further **RECOMMENDS** that any appeal from this dismissal not be certified as taken in good faith pursuant to 28 U.S.C. 1915(a)(3).

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] It appears that the two year statute of limitations for filing an administrative claim will likely run on or before October 13, 2018.

4